```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

Michael A. Williams,          :
        Plaintiff,             :
                               :
        v.                     :    File No. 1:09-CV-159
                               :
State of Vermont,              :
Bennington Police              :
Department, Judge John  P.     :
Wesley, Bennington County      :
State's Attorney's Office,     :
and Vermont Department of      :
Corrections,                   :
        Defendants.            :

<u>OPINION AND ORDER</u>
(Docs. 6, 7, 8, 9, 10, 12, 13, 27,
28, 29, 30, 31 and 35)

Plaintiff Michael Williams, a Vermont inmate proceeding *pro se*, brings this action seeking damages arising out of his conviction for first degree aggravated domestic assault. Specifically, Williams claims that :(1) he was arrested "with no evidence to substantiate the claim"; (2) he was wrongfully denied bail prior to trial; (2) his conviction was based on unreliable evidence; (3) allowing evidence of prior crimes, wrongs or acts is unconstitutional; (4) the prosecution's use of this evidence was wrongful; and (5) the trial judge erred in his evidentiary rulings and charge to the jury.

The defendants in the case are the State of Vermont, the Bennington Police Department, the trial judge, the prosecutor's office, and the Vermont Department of Corrections ("DOC"). Each defendant has moved to dismiss under Fed. R. Civ. P. 12(b)(6).

Also pending before the Court are a series of motions filed by the plaintiff and one of his fellow inmates, including a motion to amend the complaint, a motion to form a class, and a motion to appoint counsel. For the reasons set forth below, the motions to dismiss are GRANTED, and all other motions are DENIED.

Factual Background

According to the complaint, Williams was arrested by officers of the Bennington Police Department and charged with first degree aggravated domestic assault. He was subsequently tried and convicted. Williams claims that his conviction was based upon "nothing more than the statement of a woman scorned," and that the jury returned a verdict in less than 25 minutes. (Doc. 5 at 1). He complains he was not given an opportunity to testify in his own defense, and that the prosecution released case information to the press, thereby "poisoning [the] jury pool." Id.

Williams further claims that at trial, the prosecution introduced and the judge allowed evidence of prior bad acts under Vt. R. Evid. 404 and Vt. R. Crim. P. 26(c). He argues these rules are "of questionable constitutionality" because they do "not require that charges were brought or that proof exists." Id. He also claims these Rules were written and applied in a manner that prejudices male defendants. Id. at 1-2.

2

The complaint seeks damages from the State of Vermont for "allowing" Rule 26(c) and Vt. R. Evid. 404. Williams also asserts a damages claim against the Bennington Police Department for false arrest, slander and defamation. Williams seeks damages from Judge Wesley for "judicial misconduct and malpractice," and from the Bennington County State's Attorney's Office for "[p]rocedural misconduct, malicious prosecution, and using the news media outlets to help guarantee guilty verdicts." Finally, he asks for damages against the DOC "for false imprisonment and loss of wages while being held without evidence and against the plaintiff[']s will." Id. at 2-3.

## Discussion

I. Motion To Amend Complaint

The Court will first address Williams' motion to amend his complaint. (Doc. 6). Williams has already amended his complaint once (Doc. 5) as a matter of course. See Fed. R. Civ. P. 15(a)(1)(B). Additional amendments require either the written consent of the parties or leave of the court. See Fed. R. Civ. P. 15(a)(2). The parties have not stipulated to Williams' current motion.

The motion to amend submits a second amended complaint that is essentially a memorandum of law. (Doc. 6-1). As Williams explains in his motion to amend, "[a]lthough the original scope of the complaint has not changed, the modification is me[a]nt to

3

broaden and further define the original." (Doc. 6). Williams states the initial complaint should not be withdrawn, and that the memorandum should be treated an "addend[um]." Id.

The Federal Rules dictate how a complaint must be styled. Under Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 requires that factual statements be set forth in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The proposed addendum to the complaint does not comply with either of these rules. Instead, as noted above, it is styled as a legal memorandum. Because the defendants cannot reasonably be expected to file a responsive pleading to this "addendum," the motion to amend (Doc. 6) is DENIED.

## II. Motions To Dismiss

The Court will next address the defendants' motions to dismiss. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In Iqbal, the Supreme Court set forth a "two-pronged" approach for analyzing a motion to dismiss. 129 S. Ct. at 1950. First, a court must accept a plaintiff's factual allegations as true and

4

draw all reasonable inferences from those allegations in the plaintiff's favor. Id. at 1949-50. A court must then determine whether the complaint's "well-pleaded factual allegations . . . plausibly give rise to an entitlement to relief." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In reviewing the complaint in this case, the Court notes that because the plaintiff is proceeding *pro se*, it must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

A. State Defendants

1. Heck v. Humphrey

The first motion to dismiss was filed by the State of Vermont, the Bennington County State's Attorney's Office, and the DOC (collectively "State Defendants"). The State Defendants argue that under Heck v. Humphrey, 512 U.S. 477 (1994), Williams cannot bring a civil action for injuries arising out of his conviction until that conviction has been declared invalid.

5

In Heck, the Supreme Court held that state prisoners can bring claims for money damages pursuant to 42 U.S.C. § 1983, but that those claims are not cognizable if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. The Second Circuit has made clear that the application of Heck turns upon "whether a prisoner's victory in a § 1983 suit would *necessarily demonstrate* the invalidity of his conviction or sentence; that a prisoner's success might be merely helpful or *potentially* demonstrative of illegal confinement is, under this standard, irrelevant." McKithen v. Brown, 481 F.3d 89, 102 (2d Cir. 2007) (emphasis in original).

Williams' first claim against the State Defendants is that his conviction was based upon "nothing more than the statement of a woman scorned." (Doc. 5 at 1). He also contends that he should have been allowed to testify on his own behalf. The State Defendants interpret these allegations as comprising an insufficient evidence claim.

Under Heck and McKithen, Williams' claims are barred if success on those claims would necessarily imply the invalidity of his conviction. In this case, it is difficult to determine whether success would imply invalidity, since it is not clear

6

what evidence was introduced to support Williams' conviction. Specifically, it is unclear whether the State presented evidence other than testimony from the alleged victim. Based upon Williams' other allegations, including his claim that the State introduced prior bad acts, it appears that there may have been additional evidence to support his conviction. Consequently, the Court cannot conclude that without the testimony of the alleged victim, or with the addition of Williams' own testimony, his conviction and sentence would be implicitly invalid. While Williams' insufficient evidence claims are barred for other reasons as set forth below, the current record does not support dismissal on the basis of Heck.

The State Defendants further argue that Heck bars Williams' claim that prosecutors released information to the media, thereby tainting the jury pool. A general claim of jury prejudice calls the entire criminal proceeding into question, and thus implies that the conviction was invalid. See, e.g., Zarro v. Spitzer, 274 Fed. Appx. 31, 35 (2d Cir. 2008) (suit based upon prosecutor's statement that allegedly prejudiced jury was barred by Heck). This claim must therefore be DISMISSED.

The State Defendants' next argument is that Heck bars Williams' claim of malicious prosecution. In order to succeed on a malicious prosecution claim under § 1983, the challenged proceeding must have terminated in plaintiff's favor. See Bonide

Products, Inc. v. Cahill, 223 F.3d 141, 145 (2d Cir. 2000). Consequently, the Supreme Court specifically held in Heck that success on a malicious prosecution claim necessarily implies the invalidity of a plaintiff's conviction. See Heck, 512 U.S. at 485-87. Thus, Williams' malicious prosecution claim must also be DISMISSED.

The State Defendants' final argument under Heck is that the DOC held him without bail, and is therefore liable for false imprisonment. The Second Circuit recently held that such a claim is barred as a matter of law because of the "unrebutted presumption of probable cause created by the grand jury's indictment of him and/or because those charges were not terminated in a manner indicating his innocence." Williams v. City of New York, 2010 WL 772714, at *1 (2d Cir. Mar. 8, 2010) (holding that claims are barred by Heck's favorable termination rule). Heck therefore bars this claim as well.

2. Sovereign Immunity

The State Defendants next argue that all claims against them are barred by sovereign immunity. The Eleventh Amendment prohibits suits brought in federal court by citizens against a state and its agencies, absent a waiver of sovereign immunity and consent to suit by the state or a valid abrogation of that immunity by Congress. See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-47 (1993);

8

Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-100 (1984). Relevant to this case, there has been no waiver of Vermont's sovereign immunity and no abrogation of that immunity by Congress. In fact, the Vermont legislature has specifically preserved the State's immunity under the Eleventh Amendment. See 12 V.S.A. § 5601(g). Accordingly, the State Defendants' motions to dismiss (Docs. 7 and 13) are GRANTED, and all claims brought against the State of Vermont, the DOC, and the State's Attorney's Office are DISMISSED.

    B.    Judge Wesley

The next motion to dismiss was filed by Williams' trial court judge, Judge John P. Wesley. (Doc. 10). The claims against Judge Wesley are that he admitted evidence under Vt. R. Evid. 404 and Vt. R. Crim. P. 26(c), and that his instructions to the jury left "no room for an acquittal." (Doc. 4 at 1-2). Judge Wesley moves to dismiss on the basis of absolute judicial immunity.

It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions. Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). The purpose of absolute immunity is to protect "the independent and impartial exercise of judgment vital to the judiciary [which] might be impaired by exposure to potential damages liability." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 (1993). Judicial

immunity "is an immunity from suit, not just from ultimate assessment of damages."  Mireles v. Waco, 502 U.S. 9, 11 (1991).

Absolute judicial immunity has two limitations.  First, a judge is not immune from liability for "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity."  Mireles, 502 U.S. at 11.  Second, a judge is not immune for actions, though judicial in nature, "taken in the complete absence of all jurisdiction."  Id.

In this case, it is clear that Judge Wesley is being sued for actions taken in his judicial capacity.  Specifically, Williams claims that Judge Wesley erred in both his evidentiary rulings and his jury charge.  These rulings were made in the course of trial, and there is no claim that Judge Wesley lacked jurisdiction to issue such rulings.  Consequently, Judge Wesley is entitled to judicial immunity, his motion to dismiss (Doc. 10) is GRANTED, and all claims against him are DISMISSED.

    C.    Bennington Police Department

The final motion to dismiss was filed by the Bennington Police Department.  The claims brought against the police department are for false arrest, defamation and slander.  The defamation and slander claims presumably arise out of some form of publication of the fact of Williams' arrest.

As with his false imprisonment claim, Williams' false arrest claim is barred by the "unrebutted presumption of probable cause"

10

and the fact that his conviction has not "terminated in a manner indication his innocence." Williams, 2010 WL 772714, at *1. To establish a claim for false arrest, a plaintiff is required to show that the defendant "intentionally confined him without his consent and without justification." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). The existence of probable cause to arrest constitutes justification and "is a complete defense to an action for false arrest." Id.; see also Jenkins v. City of New York, 478 F.3d 76, 84 (2d Cir. 2007). The Second Circuit has determined that a valid conviction establishes the existence of probable cause. See Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986). Accordingly, Williams cannot state a cause of action for false arrest.

Williams offers no facts in support of his defamation claim. Reading the complaint liberally, and as suggested above, the Court assumes the alleged defamation arose out of the publication of his arrest. Of course, Williams was arrested on charges upon which he was ultimately convicted. In light of the conviction, the police department appropriately argues that truth is a complete defense to a defamation claim. See Russin v. Wesson, 183 Vt. 301, 303 (2008). The defamation claim must, therefore, be DISMISSED.

Furthermore, the Bennington Police Department is not an entity that can be sued. Under Fed. R. Civ. P. 17(b)(3), the

11

Court looks to Vermont law to determine whether a governmental entity has the capacity to be sued. There is no statute or ordinance in Vermont that permits a suit against a municipal police department, and this Court has consistently held that such departments do not have the capacity to be sued. See, e.g., Gorton v. Burlington Police Dep't, 23 F. Supp. 2d 454, 456 (D. Vt. 1998); Hee v. Everlof, 812 F. Supp. 1350, 1351 (D. Vt. 1993). Accordingly, and because Williams' claims against the Bennington Police Department are substantively flawed, the motion to dismiss (Doc. 12) is GRANTED.

    D.    Leave to Amend

The Second Circuit has instructed that a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Nonetheless, leave to amend need not be granted when the amendment would be futile. Id. Here, the claims being brought against the State of Vermont and its agencies are barred not only by sovereign immunity, but also, to a large extent, by the bar set forth in Heck v. Humphrey. No amendment to the complaint could cure these grounds for dismissal. Judge Wesley is plainly entitled to absolute immunity, and again, no amendment to the complaint would alter that fact. Finally, there can be no claim against the Bennington

12

Police Department, and any similar claims against a different defendant would be barred by the fact that probable cause has been established and Williams has been convicted. Consequently, amending the complaint would be futile, and leave to amend will not be granted.

III. Remaining Motions

In addition to the motions to dismiss, the Court has before it a series of motions filed not only by Williams, but also by a *pro se* non-party named Matthew Voog. Voog is a Vermont inmate allegedly serving a sentence for attempted simple assault. (Doc. 27-1 at 2). Between them, Williams and Voog have filed motions to set definitions (Docs. 8 and 29), a motion to compel discovery (Doc. 9), a motion to form a class (Doc. 27), and a motion to appoint counsel (Doc. 35). Various defendants have moved to strike these motions, arguing that they are unsupported and that Voog has demonstrated neither the grounds for a class action nor a right to join this action. (Docs. 27, 28 and 30).

Because the complaint is being dismissed, each of these motions is moot and must be DENIED. In denying Voog's motions, the Court expresses no opinion as to propriety of his effort to join the case.

## Conclusion

For the reasons set forth above, the defendants' motions to dismiss the complaint (Docs. 7, 10, 12 and 13) are GRANTED.

Williams' motion to amend his complaint (Doc. 6) is DENIED, and all remaining motions (Docs. 8, 9, 27, 28, 29, 30, 31 and 35) are DENIED as moot.  This case is DISMISSED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 14th day of May, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge